Harrell, adm'r, vs. Park.

SOLOMON T. HARRELL, administrator, etc., plaintiff in error.
vs. ANDREW PARK, defendant in error.

1. P. sued B., H. and P. on a joint and several promissory note. Pend-
ing the suit H. died, and his death was suggested of record, and an
order taken that the plaintiff proceed against the survivors, which he
did, and took judgment against them. Afterwards the plaintiff sued
out a *scire facias* to make the administrator of H. a party to the
case, which the Court allowed, and gave judgment against him : *Held*,
that this was error.

Action on a note, in Meriwether Superior Court, and
decision therein by Judge BULL, at August Term, 1860.

This was an action brought by Andrew Park to recover
the amount of a promissory note, dated 24th December, 1856,
due the 25th December, 1857, payable to the plaintiff, or
bearer, and signed by Elijah Beauchamp and Solomon Har-
rell, as principals, and Jesse Partridge, as security, for $1,500,
with interest from the date of the note.

Pending the action Solomon Harrell died, and at August
Term, 1858, his death was suggested of record, and an order
taken " that the plaintiff proceed against the surviving co-
obligors in their several capacities, and that the judgment
shall not terminate the case against the said Solomon Har-
rell, but that plaintiff (or said Jesse Partridge in the event
he shall pay said debt) be allowed to proceed and make the
legal representatives of said Solomon Harrell, a party prin-
cipal in terms of the law, and proceed in terms of the law."

At the same term a verdict and judgment were taken
against Elijah Beauchamp, principal, and Jesse Partridge,
security for Beauchamp, and Solomon Harrell for the prin-
cipal and interest due on the note, with costs of suit.   On the
4th of January, 1860, a *scire facias* was sued out against
Solomon T. Harrell, administrator of Solomon Harrell, de-
ceased, for the purpose of making him a party to the suit.

The administrator resisted the proposal to make him a
party, on the ground that the plaintiff having elected to
proceed against Beauchamp and Partridge, the surviving
co-obligors in the note, and having taken a judgment against

them, that suit was at an end, and the administrator could not then be made a party to the case according to law.

The presiding Judge ruled that the administrator could be made a party, and passed an order to that effect, and a verdict and judgment were rendered against him accordingly. That judgment is the error complained of in the bill of exceptions.

GEORGE A. HALL, for plaintiff in error.

B. H. HILL and ADAMS & KNIGHT, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

Upon the death of Solomon Harrell, one of the defendants, pending the action the plaintiff below had his election, either to make his representative a party defendant, and proceed against him with the survivors, or having suggested the death of Harrell of record, to proceed against the survivors alone.

He elected the latter course and proceeded against them to judgment. Now he asks to revive the same case against the administrator of Harrell. No authority directly in point has been adduced, but our opinion is, that this is inadmissible. The final judgment of the Court having been rendered against a portion of the defendants, we hold that the record is so far closed that it can not be re-opened to make the representative of a defendant, who died pending the action, a party. No joint judgment could be now rendered against all the co-obligors.

Any judgment obtained against the administrator of Harrell must be several; then why should not that be in a several suit?

Let the judgment be reversed.